UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

| | |
|---|---|
| **LOUNETTA F JAMES** | **CASE NO. 6:22-CV-04100** |
| **VERSUS** | **JUDGE JAMES D. CAIN, JR.** |
| **UNDERWRITERS AT LLOYDS LONDON** | **MAGISTRATE JUDGE KAY** |

## MEMORANDUM RULING

Before the Court is "Defendant's Motion to Dismiss for Lack of Subject Matter Jurisdiction" (Doc. 26) wherein Defendant, Underwriters at Lloyds London ("Lloyds") moves to dismiss this lawsuit because the amount in controversy is less than the jurisdiction threshold of $75,000.00. Plaintiff, represented by counsel, has filed no opposition to this Motion.

## INTRODUCTION

In this lawsuit, Plaintiff alleges that her property, insured by Lloyds, was damaged by Hurricanes Laura and Delta.[1] Plaintiff initially hired McClenny Moseley & Associates to represent her, but has since terminated that relationship and hired new counsel, Morris Bart (NO).

## RULE 12(b)(1) STANDARD

Rule 12(b)(1) of the Federal Rules of Civil Procedure provides:

> Every defense to a claim for relief in any pleading must be asserted in the responsive pleading if one is required. But a party may assert the following defenses by motion: (1) lack of subject-matter jurisdiction. . .

---
[1] Lloyd's notes that Plaintiff made no claim for Hurricane Laura.

A court may base its disposition of a motion to dismiss under Rule 12(b)(1) on: (1) the complaint alone; (2) the complaint supplemented by undisputed facts; or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts. *Robinson v. TCI/US West Communications, Inc.*, 117 F.3d 900 (5th Cir. 1997), citing *Williamson v. Tucker*, 645 F.2d 404, 413 (5th Cir.), *cert. denied,* 454 U.S. 897, 102 S.Ct. 396, (1981).

Courts may consider affidavits and exhibits submitted in connection with a Rule 12(b)(1) motion to dismiss. *Moran v. Kingdom of Saudi Arabia*, 27 F.3d 169, 172 (5th Cir. 1994). Once challenged with competent proof, the plaintiff must prove by a preponderance of the evidence that the court has subject matter jurisdiction. *Middle South Energy, Inc. v. City of New Orleans*, 800 F.2d 488, 490 (5th Cir. 1986). A motion to dismiss under Rule 12(b)(1) should be granted only if it appears certain that the plaintiff cannot prove any set of facts in support of his claims that would entitle plaintiff to relief. *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001).

## **LAW AND ANALYSIS**

Lloyds maintains that this lawsuit must be dismissed because Plaintiff's damages are less than the $75,000 jurisdictional amount as to Lloyds and its syndicate, which includes several members. Lloyds requests that the lawsuit be dismissed with prejudice. However, a dismissal due to lack of jurisdiction is without jurisdiction, which would allow the plaintiff to file his lawsuit in the proper jurisdiction. See *Malasovich v. Auntie Belham's Realty & Nightly Rentals, Inc.*, 96 So.3d 665 (La. App. 4 Cir. 6/27/12).

Pursuant to 28 U.S.C. § 1332(a), for federal diversity jurisdiction to attach, the parties must be completely diverse and meet the jurisdictional amount in controversy of $75,000.00. *Bynane v. Bank of New York Mellon for CWMBS, Inc. Asset-Backed Certificates Series 2006-24*, 866 F.3d 351, 355 (5th Cir. 2017) (citing *Vantage Drilling Co. v. Hsin-Chi Su*, 741 F.3d 535, 537 (5th Cir. 2014)). The party seeking to invoke the Court's jurisdiction bears the burden of proving the existence of federal jurisdiction. *Getty Oil Corp., Div. of Texaco, Inc. v. Insurance Co. of North Am.*, 841 F.2d 1254, 1258–59 (5th Cir.1988). Failure to properly allege diversity jurisdiction mandates dismissal. *Stafford v. Mobil Oil Corp.*, 945 F.2d 803, 805 (5th Cir. 1991) (citing *Patterson v. Patterson*, 808 F.2d 357, 357 (5th Cir.1986); *McGovern v. American Airlines, Inc.*, 511 F.2d 653, 654 (5th Cir.1975)). Plaintiff has not, and cannot, meet this burden, because the amounts sought against various individual members subscribing to the insurance policy at issue do not exceed the jurisdictional minimum required by 28 U.S.C. § 1332(a).

The Lloyd's Market is unique as "The Society of Lloyd's, London, is not an insurance company, but rather a British organization that provides infrastructure for the international insurance market." *Underwriters at Lloyd's, London v. Osting-Schwinn*, 613 F. 3d 1079, 1083 (11th Cir. 2010). More specifically, "Lloyd's itself does not underwrite insurance. Rather, Lloyd's operates as a marketplace where large numbers of individual investors buy and sell insurance risks." *Humm v. Lombard World Trade,* 916 F. Supp. 291, 293 (S.D.N.Y. January 30, 1996). Simply put, "a policy holder insures at Lloyd's but not with Lloyd's." *Corfield v. Dallas Glen Hills LP*, 355 F.3d 853, 858 (5th Cir. 2003). Thus, Courts in the Fifth Circuit and various other courts have recognized that diversity

jurisdiction is destroyed if the plaintiff cannot prove it has a claim against *each* Name subscribing to the subject policy that equals or exceeds $75,000.00. *See, e.g., Team One Properties LLC v. Certain Underwriters at Lloyds London*, 281 Fed.Appx. 323, *1 (5th Cir.2008); *Rips, LLC v. Underwriters at Lloyd's London*, No. CIV.A. 14-1969, 2015 WL 2452339, at *1 (E.D. La. May 21, 2015) (holding the Court lacked subject matter jurisdiction under 28 U.S.C. § 1332 because claims against individual members cannot be aggregated and the complaint did not plead that the $75,000 jurisdictional minimum was met for each Name); *G&M Holding, Inc. v. Certain Underwriters at Lloyd's of London*, No. CIV. A. 07-4883, 2008 WL 215842, at *2 (E.D. La. Jan. 23, 2008) (holding that diversity jurisdiction had not been established when the amount in controversy was not met as to all Names sued under the policy); *E.R. Squibb & Sons, Inc. v. Accident & Cas. Ins. Co.*, 160 F. 3d 925, 933 (2d Cir. 1998) (noting, as severally liable defendants, that each Name would still have to satisfy the jurisdictional minimum required by 28 U.S.C. § 1332); *BIG League Ventures, LLC v. Certain Underwriters at Lloyd's, London*, 474 F. Supp. 3d 1279, 1284 (S.D. Fla. 2020). ("When addressing the marketplace structure of Lloyd's, various courts have recognized that diversity jurisdiction is destroyed if the plaintiff cannot prove it has a claim against *each* Name subscribing to the subject policy that equals or exceeds $75,000.00").

Lloyds informs the Court that its members represent five (5) separate syndicates that subscribe to the Policy. Therefore, it argues that even if each syndicate had only one member, Plaintiff would have to establish total damages of $1,875,000 for the member of

each syndicate to meet the $75,000 threshold. Based on the jurisprudence, the Court agrees with Lloyds that the requisite jurisdictional amount it not met.

## **CONCLUSION**

For the reasons explained herein, the Court finds that it does not have jurisdiction to adjudicate Plaintiff's claims. Therefore, this matter will be dismissed without prejudice.

**THUS DONE AND SIGNED** in Chambers on this 8th day of November, 2023.

_____
JAMES D. CAIN, JR.
**UNITED STATES DISTRICT JUDGE**